UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAMARI BROOKS,

    Plaintiff,

v.                                                                      Case No.: 3:25-cv-00771-WWB-LLL

THOMAS K. WATERS, in his official
capacity as Sheriff of JACKSONVILLE
SHERIFF'S OFFICE, CHETH PLAUGHER,
BEAU DAIGLE, TREY MCCULLOUGH,
HUNTER SULLIVAN, LEMMUEL JOHNSON,
JOSUE GARRIGA, DOUG HOWELL,
JOHN DOEs (I-II), and CITY OF JACKSONVILLE,

    Defendants.
_____/

## DEFENDANT PLAUGHER'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

Defendant Cheth Plaugher, in his individual capacity, responds to the correspondingly numbered paragraphs of Plaintiff's Amended Complaint [Doc. 19] as follows:[1]

    1.    Admitted for jurisdictional purposes only; otherwise, denied.

    2.    Admitted for jurisdictional purposes only; otherwise, denied.

    3.    Admitted only to establish venue; otherwise, denied.

    4.    Denied.

---

[1] The Amended Complaint contains an "Introduction" [Doc. 19 – P. 2-4] contrary to Fed. R. Civ. P. 10(b), as it consists of an unnumbered paragraph and is not limited to a single set of circumstances. Further, the allegations of the "Introduction" are duplicated in the remainder of the Amended Complaint. To the extent that the allegations of the "Introduction" are construed as claims, Defendant denies such claims.

5. Without knowledge as to the first sentence and therefore denied; the second sentence is admitted for purposes of venue only.

6. Denied to the extent that the paragraph implies that the Jacksonville Sheriff's Office (JSO) is a governmental entity that can sue or be sued; instead, it is an integral part of the City of Jacksonville's consolidated government and acts as the vehicle through which the City fulfills its law enforcement functions. Otherwise admitted.[2]

7. Admitted that all Defendants acted under color of law; otherwise, denied as framed.

8. Denied that the Defendant named in this paragraph "committed acts and omissions contained herein," otherwise admitted.

9. Denied that the Defendant named in this paragraph "committed acts and omissions contained herein," otherwise admitted.

10. Denied that the Defendant named in this paragraph "committed acts and omissions contained herein," otherwise admitted.

11. Denied that the Defendant named in this paragraph "committed acts and omissions contained herein," otherwise admitted.

12. Denied that the Defendant named in this paragraph "committed acts and omissions contained herein," otherwise admitted.

---

[2] Plaintiff names as a Defendant "Thomas K. Waters, in his official capacity as Sheriff of the City of Jacksonville." [Doc. 1 – Pg. 1 (caption).] A suit against a public official in his official capacity is treated as a suit against the local government entity he represents, which in this case is the City of Jacksonville. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985); *Owens v. Fulton County*, 877 F.2d 947, 951 n.5 (11th Cir. 1989). Accordingly, references herein to Sheriff Waters and the City of Jacksonville are one and the same unless otherwise noted and are used interchangeably as the context warrants.

    13.    Denied that the Defendant named in this paragraph "committed acts and omissions contained herein," otherwise admitted.

    14.    Without knowledge and therefore denied; Plaintiff has failed to identify these officers with enough specificity to respond to these allegations.[3]

    15.    Without knowledge and therefore denied.

    16.    Admitted.

    17.    Denied as framed.

    18.    Without knowledge and therefore denied.

    19.    Without knowledge and therefore denied.

    20.    Admitted that Plaintiff left the office; otherwise denied.

    21.    Denied.

    22.    Without knowledge as to the last sentence of paragraph 22; otherwise denied.

    23.    Denied.

    24.    The video speaks for itself; otherwise denied.

    25.    The video speaks for itself; otherwise denied.

    26.    Without knowledge and therefore denied.

    27.    The video speaks for itself; otherwise denied.

    28.    The video speaks for itself; otherwise denied.

    29.    Denied.

    30.    Denied.

---

[3] Fictitious party pleading is not permitted in federal courts. *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010).

31. Admitted that the quote is an excerpt from the JSO policy regarding the use of police service dogs; otherwise denied.

32. Denied.

33. Denied.

34. The video speaks for itself; otherwise denied.

35. Without knowledge and therefore denied.

36. Denied.

37. The police report speaks for itself; otherwise denied.

38. Denied.

39. The police report speaks for itself; otherwise denied.

40. The police report and video speak for themselves; otherwise denied.

41. The police report speaks for itself; otherwise denied.

42. Without knowledge and therefore denied.

43. Without knowledge and therefore denied.

44. Without knowledge and therefore denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Without knowledge and therefore denied.

51. Admitted that the officer used deadly force; otherwise denied as framed.

52. Without knowledge and therefore denied.

53. Without knowledge and therefore denied.

54. Admitted that JSO officers were involved in an encounter with Sammy Lee Evans in December 2004; otherwise denied.

55. Admitted that JSO officers were involved in an encounter with Bryan Barnes in January 2006; otherwise denied.

56. Denied.

57. Admitted that JSO officers were involved in an encounter with Ronal Ferrera in January 2006; otherwise denied.

58. Admitted that JSO officers were involved in an encounter with Colin Runge in October 2007; otherwise denied.

59. Admitted that JSO officers were involved in an encounter with Larue Perkins in January 2008; otherwise denied.

60. Admitted that JSO officers were involved in an encounter with James Lunsford in September 2008; otherwise denied.

61. Admitted that JSO officers were involved in an encounter with David Kemp in May 2010; otherwise denied.

62. Admitted that JSO officers were involved in an encounter with Kyle Fowler in March 2012; otherwise denied.

63. Admitted that JSO officers were involved in an encounter with Robert Slade in June 2013; otherwise denied.

64. Admitted that JSO officers were involved in an encounter with Deandre Ezell on November 12, 2014; otherwise denied.

65. Admitted that JSO officers were involved in an encounter with Kelli Wilson in July 2015; otherwise denied.

66. Admitted that JSO officers were involved in an encounter with John Blessing in April 2016; otherwise denied.

67. Admitted that JSO officers were involved in an encounter with Mayra Martinez in April 2016; otherwise denied.

68. Admitted that JSO officers were involved in an encounter with Connell Crooms in April 2017; otherwise denied.

69. Admitted that JSO officers were involved in an encounter with Daniel Nyman in April 2017; otherwise denied.

70. Admitted that JSO officers were involved in an encounter with Elias Campos in June 2017; otherwise denied.

71. Admitted that JSO officers were involved in an encounter with Jonathan Williams in June 2017; otherwise denied.

72. Admitted that JSO officers were involved in an encounter with Maurice Whigham in March 2021; otherwise denied.

73. Admitted that JSO officers were involved in an encounter with Joseph Bratcher in May 2023; otherwise denied.

74. Admitted that JSO officers were involved in an encounter with LeKeian Woods in September 2023; otherwise denied.

75. The cited cases speak for themselves. To the extent that this paragraph is construed as containing any factual allegations against this Defendant, denied.

76. Denied.

77. The cited case speaks for itself. To the extent this paragraph is construed as containing any factual allegations against this Defendant, denied.

78. Denied.

79. Denied. Further, the quotation from *Martinez v. Williams*, 3:17-cv-1319-J-20-MCR (Doc. 74 – P. 10) (M.D. Fla. Sept. 26, 2019) is inartfully stated in this paragraph. To be clear, the statement was made by the judge in the context of an order denying a motion to dismiss the complaint in which allegations were made to support a *Monell* claim. The court did not rule as a matter of law or otherwise find any evidentiary support for the quoted statements.

80. Denied.

## Count I

81-85[4]. Defendant realleges his responses to paragraphs 1-80. Further, the allegations in Count I are not directed to this Defendant; thus, no response is required. To the extent that they are considered allegations against this Defendant, such allegations are denied.

## Count II

86. Defendant realleges his responses to paragraphs 1-80 and denies the allegations of paragraph 86.

87. Denied.

88. Denied.

---

[4] The Amended Complaint is misnumbered after the first paragraph numbered 81. Count I contains paragraphs numbered 77 through 81, even though those numbers were already used in the factual allegations section. This answer will use the numbers as they appear in the Amended Complaint.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

## Count III

93-97. Defendant realleges his responses to paragraphs 1-80. Further, the allegations in Count III are not directed to this Defendant; thus, no response is required. To the extent that they are considered allegations against this Defendant, such allegations are denied.

## Count IV

98-108.  Defendant realleges his responses to paragraphs 1-80. Further, the allegations in Count IV are not directed to this Defendant; thus, no response is required. To the extent that they are considered allegations against this Defendant, such allegations are denied.

## Count V

109-120.  Defendant realleges his responses to paragraphs 1-80. Further, the allegations in Count V are not directed to this Defendant; thus, no response is required. To the extent that they are considered allegations against this Defendant, such allegations are denied.

## Count VI

121-131.  Defendant realleges his responses to paragraphs 1-80. Further, the allegations in Count VI are not directed to this Defendant; thus, no response is required.

To the extent that they are considered allegations against this Defendant, such allegations are denied.

### Count VII

132-141.   Defendant realleges his responses to paragraphs 1-80. Further, the allegations in Count VII are not directed to this Defendant; thus, no response is required. To the extent that they are considered allegations against this Defendant, such allegations are denied.

### Count VIII

142-152.   Defendant realleges his responses to paragraphs 1-80. Further, the allegations in Count VIII are not directed to this Defendant; thus, no response is required. To the extent that they are considered allegations against this Defendant, such allegations are denied.

### Count IX

153-165.   Defendant realleges his responses to paragraphs 1-80. Further, the allegations in Count IX are not directed to this Defendant; thus, no response is required. To the extent that they are considered allegations against this Defendant, such allegations are denied.

### Count X

166-178.   Defendant realleges his responses to paragraphs 1-80. Further, the allegations in Count X are not directed to this Defendant; thus, no response is required. To the extent that they are considered allegations against this Defendant, such allegations are denied.

## Count XI

179. Defendant realleges his responses to paragraphs 1-80 and denies the allegations of paragraph 179.

180. Denied.

181. Denied.

## Count XII

182-185. Defendant realleges his responses to paragraphs 1-80. Further, the allegations in Count XII are not directed to this Defendant; thus, no response is required. To the extent that they are considered allegations against this Defendant, such allegations are denied.

## Count XIII

186-202. Defendant realleges his responses to paragraphs 1-80. Further, the allegations in Count XIII are not directed to this Defendant; thus, no response is required. To the extent that they are considered allegations against this Defendant, such allegations are denied.

203. Defendant denies all paragraphs, including all sub-parts, and allegations in Plaintiff's Amended Complaint not herein specifically admitted.

## AFFIRMATIVE DEFENSES

1. The Amended Complaint fails to state any claims against this Defendant upon which relief can be granted.

2. No constitutional violations were committed during the events described in the Amended Complaint.

3. Defendant acted reasonably and in good faith during the events described in the Amended Complaint. Further, Defendant had probable cause to detain Plaintiff, acted with objective reasonableness at all times toward Plaintiff, and used only such force as was reasonably necessary under the facts and circumstances presented and reasonably known to him at the time of the incident.

4. Plaintiff has received, may be entitled to receive, or may in the future receive compensation from collateral sources for injuries and damages sustained and Defendant claims a setoff for said compensation pursuant to applicable law.

5. Plaintiff is not entitled to recover economic damages for those past medical expenses, if any written off by the medical care providers or reduced by agreement between the medical care providers and insurers, regardless of whether such write-offs constitute collateral sources as defined in Section 768.76, Florida Statutes, or by common law.

6. The actions or inactions of the Plaintiff are the sole, direct, and proximate cause of his alleged damages, or in the alternative contributed to those damages, and therefore such damages should be barred or reduced in proportion to the fault of the Plaintiff.

7. Defendant is entitled to qualified immunity because he had probable cause to arrest the Plaintiff, acted reasonably, did not use unnecessary or excessive force, acted within the scope of his discretionary authority as a police officer, and did not violate the Plaintiff's constitutional rights or clearly established law.

8. Defendant is entitled to qualified immunity because he acted in an objectively reasonable manner and did not violate clearly established law.

## **DEMAND FOR JURY TRIAL**

Defendant demands a trial by jury on all issues so triable.

Respectfully submitted,

**OFFICE OF GENERAL COUNSEL
CITY OF JACKSONVILLE**

/s/ *Sonya Harrell*
SONYA HARRELL (Lead Trial Counsel)
Deputy General Counsel
Florida Bar No.: 42803
117 West Duval Street, Suite 480
Jacksonville, Florida 32202
Phone (904) 255-5060
Facsimile: (904) 255-5120
SonyaH@coj.net; BOsburn@coj.net
*Counsel for Defendant Plaugher*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 26, 2025, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send a notice to all counsel of record.

/s/Sonya Harrell
*Counsel for Defendant Plaugher*